IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pedro Delgado, on behalf of himself and all other similarly situated persons, known and unknown, Plaintiffs,<br>v.<br>Berwyn Fruit Market, Inc., and Tom Koulouris, Defendants. | Case No. |

## COMPLAINT

NOW COMES Pedro Delgado, on behalf of himself and all other similarly situated persons, known and unknown (hereafter, "Plaintiff"), through counsel and for his Complaint against Berwyn Fruit Market, Inc. (hereafter, "Berwyn Fruit") and Tom Koulouris, individually, (collectively, "Defendants"), states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* for Defendants' failure: (1) to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a workweek and (2) to pay Plaintiff for all hours worked at the rate agreed to by the parties.

2. Defendants' unlawful compensation practices have denied Plaintiff and other similarly situated persons their earned and living wages.

3. Plaintiff brings Count I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

### Plaintiff

6. Plaintiff resides and was employed by Defendants in Cook County, Illinois, which is in this judicial district.

7. Plaintiff worked for Defendants from October 1998 to March 5, 2017.

8. Throughout the course of his employment, Plaintiff was involved in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 105/1 *et seq*.

### Defendants

9. Defendants operate a business called Berwyn Fruit Market, Inc., located at 3811 South Harlem Avenue, Berwyn, IL 60402.

10. Defendant Berwyn Fruit is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Based on information and belief, Defendant Berwyn Fruit Market, Inc. has annual gross sales of $500,000.00 or more.

12. Defendant Berwyn Fruit Market, Inc. has had two (2) or more employees involved in interstate commerce.

13. Defendant Berwyn Fruit Market, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

14. Defendant Tom Koulouris is the President of Berwyn Fruit Market, Inc. and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

15. Defendant Tom Koulouris was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

16. Upon information and belief, Defendant Tom Koulouris resides and is domiciled in this judicial district.

**FACTS**

17. Plaintiff worked for Defendants and his job duties included, but were not limited to, maintaining produce.

18. Plaintiff regularly worked, at the direction of Defendants, in excess of forty (40) hours in a workweek.

19. Plaintiff regularly worked approximately 55 hours per week for Defendants.

20. Plaintiff had a 30 minute lunch break.

21. Plaintiff was paid bi-weekly.

22. Plaintiff was paid by check and cash.

23. Plaintiff was paid an hourly rate of $10.00 for all hours worked, including all hours worked in excess of 40 hours in a workweek.

24. Plaintiff regularly worked over 40 hours per week or more as directed by Defendants, but was not paid proper overtime wages for time worked in excess of 40 hours.

25. Plaintiff was not paid time and a half his regular hourly rate for all hours worked in excess of 40 hours in a workweek.

26. Plaintiff is not exempt from the overtime provisions of the FLSA or the IWML.

27. Defendants did not compensate Plaintiff for all hours worked at the rate agreed to by the parties.

28. Defendants did not pay Plaintiff his final check, encompassing his final two (2) workweeks.

29. Defendants denied Plaintiff and other similarly situated employees their earned wages.

30. By not compensating Plaintiff for all hours worked during the final 2 weeks of his employment, Plaintiff's hourly rate was less than the Illinois mandated minimum wage rate of $8.25.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

31. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

32. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

33. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

34. Defendants did not compensate Plaintiff or members of the class at an overtime rate calculated in accordance with the tip credit provisions of the FLSA.

35. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

36. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### COUNT II: VIOLATION OF THE IMWL
**Overtime Wages**

37. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

38. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

40. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

41. Plaintiff and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

42. Defendants did not pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

43. Defendants violated the IMWL by failing to pay Plaintiff, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

44. Pursuant to 820 ILCS 105/12(a), Plaintiff and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE FLSA
### Minimum Wages

45. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

46. The FLSA requires employers, including defendants, to pay at least the minimum wage to their employees, unless those employees are exempt.

47. Plaintiff is not exempt from the minimum wage provisions of the FLSA.

48. Defendants did not pay Plaintiff or the class members at least the minimum wage rate for the hours that they worked, as described in paragraphs 27-30, *supra*.

49. Defendants' failure to pay the legally mandated minimum wages to plaintiffs and class members violated the FLSA.

50. Defendants failed to comply with the predicate requirements under the FLSA by failing to inform Plaintiff and the class members of their right to receive the minimum wage.

51. Defendants' failure to comply with the terms of the minimum wage disclosure requirements and Defendants' failure to pay minimum wage to plaintiffs and the class members was a willful violation of the FLSA.

52. Defendants violated the FLSA by refusing to compensate Plaintiff and the members of the class consistent with the minimum wages provisions of the FLSA.

53. Plaintiff and other similarly situated employees are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because defendants' failure to pay at least the federal minimum wage was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. A judgment in the amount of the difference between the minimum wage rate and the hourly wage paid to Plaintiff and similarly situated employees of Defendant;

C. Award liquidated damages in an amount equal to unpaid overtime wages;

D. Declare defendants to be in violation of the FLSA;

E. Enjoin defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### COUNT IV: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
**Minimum Wages**

54. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

55. This count arises from defendants' violation of the IMWL, by failing to pay Plaintiff, the Illinois-mandated minimum wages for all hours worked in individual work weeks, as described in paragraphs 27-30, *supra*.

56. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

57. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

58. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

59. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

60. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that defendants have violated the IMWL;

D. Enjoin defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## **COUNT V: VIOLATION OF THE IWPCA**

61. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

62. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiff all wages earned during all time worked for defendants at the rate agreed to by the parties.

63. During the course of his employment with Defendants, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

64. In one or more individual work weeks, defendants did not pay Plaintiff for all hours worked at the rates agreed to by the parties, as described in paragraphs 27-29, *supra*.

65. Plaintiff was entitled to be compensated for all time worked as agreed between the Plaintiff and Defendants.

66. Plaintiff is entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

67. Defendants' failure to pay Plaintiff for all time worked violated the IWPCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiff as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that defendants have violated the IWPCA;

D. Enjoin defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com

One of Plaintiff's attorneys